# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Leroy Wiggins,            )
                        )
        Petitioner,     )   CIV 12-00388 PHX DGC (MEA)
                        )
        v.              )   REPORT AND RECOMMENDATION
                        )
Charles L. Ryan, et al.,    )
                        )
        Respondents.    )
_____ )

TO THE HONORABLE DAVID G. CAMPBELL:

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 23, 2012.  Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 14) on July 20, 2012. Petitioner filed a reply (Doc. 15) to the answer to his petition on July 27, 2012.

## I Procedural History

On June 17, 2002, a Maricopa County grand jury returned an indictment charging Petitioner with sixteen separate counts: three counts of sale or transportation of dangerous drugs, class 2 felonies; nine counts of sale or transportation of narcotic drugs, class 2 felonies; one count of manufacture of narcotic drugs, a class 2 felony; one count of possession of marijuana for sale, a class 4 felony; one count of possession for sale of

narcotic drugs, a class 2 felony; and one count of possession of dangerous drugs for sale, a class 2 felony.  See Answer, Exh. C.[1]

Pursuant to a written plea agreement signed by Petitioner on May 1, 2003, Petitioner pled guilty to three counts of sale or transportation of narcotic drugs, all class 2 felonies, and acknowledged two prior felony convictions.  Id., Exhs. D & E.  In exchange for Petitioner's guilty plea, the state dismissed the remaining counts of the indictment and agreed not to allege a third prior felony conviction.  Id.

On December 10, 2004, pursuant to his guilty plea, the state court sentenced Petitioner to presumptive terms of 15.75 years imprisonment on each of the three count of conviction, with the sentences on the second and third counts to run concurrently to each other but consecutively to the sentence imposed on the first count of conviction.  See id., Exh. H. Accordingly, the aggregate sentence imposed is 31.5 years imprisonment.

On October 25, 2011, Petitioner filed notice that he was seeking state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  See id., Exh. I.  In his notice of post-conviction relief Petitioner asserted: (1) he was forced into entering a plea agreement in violation of his Sixth, Eighth, and Fourteenth Amendment rights; (2) his defense counsel was ineffective because she knew that he had been coerced into signing the plea agreement and failed to file a timely action

---

[1] The indictment also charged two other defendants with various related crimes.

seeking post-conviction relief; and (3) the untimeliness of his Rule 32 action should be excused because there were newly discovered material facts that would have changed the verdict or sentence and his failure to file a timely action was not his fault.  <u>Id.</u>, Exh. I.

The state trial court summarily dismissed Petitioner's Rule 32 action  as untimely on November 1, 2011.  <u>Id.</u>, Exh. J. The court concluded that Petitioner had not stated an exception to the timeliness rule as stated in Rule 32.1(e) and Rule 32.1(f) of the Arizona Rules of Criminal Procedure.  The court noted Petitioner had not alleged any newly discovered facts and had "shown virtually no diligence in filing" his petition, i.e., that six and a half years had passed since the deadline for filing a timely Rule 32 action.  <u>Id.</u>, Exh. J.  The state trial court also concluded that the petition was untimely pursuant to Rule 32.4(a), Arizona Rules of Criminal Procedure.  The state court noted Petitioner's claims were more properly presented pursuant to Arizona Rule of Criminal Procedure 32.1(a).

Petitioner sought reconsideration of the trial court's decision dismissing his Rule 32 action, which motion was apparently never decided.  <u>Id.</u>, Exh. K.  On February 2, 2012, Petitioner sought review of the trial court's decision dismissing his Rule 32 action by the Arizona Court of Appeals. <u>Id.</u>, Exh. M.  In his petition for review Petitioner argued he was coerced into the plea agreement, that he was denied his right to the effective assistance of counsel, and that his failure to timely file a Rule 32 action should be excused

because he was not at fault for the failure.   In the petition for review Petitioner also alleged that he was subjected to prosecutorial misconduct in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

The Arizona Court of Appeals declined review of the trial court's decision dismissing Petitioner's Rule 32 action on February 10, 2012, finding that Petitioner had failed to seek review of the relevant decision within thirty days, as required by the state's procedural rules.   <u>Id.</u>, Exh. N.   Petitioner did not seek review by the Arizona Supreme Court.

In his federal habeas action Petitioner asserts he is entitled to relief because:

1. The Arizona Court of Appeals erroneously concluded that his petition for review of the trial court's dismissal of his Rule 32 action was not timely.

2. The Arizona Court of Appeals wrongly dismissed Petitioner's petition for review without "hearing" his claim that he was coerced into entering a plea agreement in violation of his Fourteenth Amendment right to due process of law.

3. He was subjected to prosecutorial misconduct in violation of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

4. Petitioner was sentenced in violation of Arizona state criminal statutes.

5. Petitioner did not receive effective assistance of counsel, in violation of his Sixth Amendment rights.

-4-

6. Petitioner's right to due process was violated when the Arizona Court of Appeals dismissed his petition for review as untimely.

7. Petitioner's right to due process was violated when the trial court failed to rule on his motion for reconsideration from the dismissal of his Rule 32 proceedings.

Respondents contend that Petitioner's federal habeas action was not filed within the one-year statute of limitations and that Petitioner is not entitled to statutory or equitable tolling of the statute of limitations. Respondents also assert that Petitioner did not properly exhaust his habeas claims in the state courts and that Petitioner has not shown cause for nor prejudice arising from his procedural default of his claims. Respondents also maintain that Petitioner's fourth claim for relief does not state a claim cognizable in a federal habeas action.

**II  Analysis**

**A. Statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).

-5-

Petitioner's state court conviction became final on March 10, 2005, ninety days after he was sentenced. Accordingly, the statute of limitations regarding Petitioner's federal habeas action expired on March 10, 2006. The pending habeas petition, filed February 23, 2012, was filed almost six years after the statute of limitations expired.

Although the relevant federal statute allows that the statute of limitations may be tolled by the pendency of a properly filed action for state post-conviction relief, Petitioner's Rule 32 action for state post-conviction relief, filed in 2011, could not and did not re-start the already-expired statute of limitations. See, e.g., Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005). See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while

endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

In reply to the answer to his petition, Petitioner contends that he "has established proof of extraordinary circumstance" and, accordingly, that he is entitled to equitable tolling of the statute of limitations. Petitioner asserts he relied on his defense counsel to file a timely action for state post-conviction relief and that she did not and, accordingly, that any procedural error was not his fault. Petitioner contends that he is entitled to a hearing on the merits of his habeas claims notwithstanding his failure to exhaust those claims because of extraordinary circumstances. Petitioner asserts that he was not given his Miranda rights prior to being arrested. Petitioner contends that his sentence constitutes cruel and unusual punishment and that he has been subjected to deliberate indifference. Petitioner also argues that he was "over-sentenced" in violation of Arizona's statutes and his right to due process of law.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. Compare Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the circumstances of cases determined before and after Holland). A

-8-

petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Equitable tolling may be available when a petitioner can establish they are so mentally ill that they are incompetent. Compare Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), with Bills, 628 F.3d at 1098.   However, the vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition.  See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

Furthermore, most alleged errors by a petitioner's counsel do not per se constitute an "extraordinary circumstance" warranting equitable tolling.  See Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 959-61; Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir.), cert. denied sub nom., Randle v. Skolnik, 131 S. Ct. 474 (2010); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009).  It is not sufficient that counsel was negligent; only representation that meets the extraordinary misconduct standard can be a basis for applying equitable tolling.  See Porter, 620 F.3d at 959.  The United States Supreme Court concluded in Holland that federal courts could equitably toll the statute of limitations for filing a habeas petition under 28 U.S.C. § 2254 when a petitioner's attorney failed to satisfy professional

standards of care.  See 130 S. Ct. at 2563–64.  The Supreme Court held that "at least sometimes, professional misconduct ... [could] amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." Id.  Equitable tolling has been applied when an attorney's misconduct is "sufficiently egregious," i.e., for example when a privately-retained attorney failed to prepare a petition and also kept the petitioner's case file so that it was "unrealistic" to expect the petitioner to file pro se.  See Porter, 620 F.3d at 959-60; Spitsyn, 345 F.3d at 800-01.  See also Downs v. McNeil, 520 F.3d 1311, 1325 (11th Cir. 2008).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction.  See Lee, 653 F.3d at 934.  The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938.  Petitioner does not assert that he is actually innocent, but instead emphasizes that he was improperly sentenced.  Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

**B.  Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-

30, 111 S. Ct. 2546, 2554-55 (1991).   To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner.   See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[2]   The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.   See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999).   See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001).   See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003).   In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional

---

[2] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.   However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."   28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

errors.   See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).

Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court.  See, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts.  28 U.S.C. § 2254(c) (1994 & Supp. 2011).  Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  See <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006).  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  See, <u>e.g.</u>, <u>id.</u>, 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060.  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of

-12-

the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

> The doctrine of procedural default provides that a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. A state procedural rule is adequate if it is regularly or consistently applied by the state courts and it is independent if it does not depend on a federal constitutional ruling. Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice.

McNeill v. Polk, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations and quotations omitted).

> We recognize two types of procedural bars: express and implied. An express procedural bar occurs when the petitioner has presented his claim to the state courts and the state courts have relied on a state procedural rule to deny or dismiss the claim. An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly present his claims to the highest state court

-13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and would now be barred by a state procedural rule from doing so.

Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir.), cert. denied, 131 S. Ct. 566 (2010).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

Petitioner did not present his prosecutorial misconduct claims to the state trial court in his Rule 32 action. Petitioner presented some of his other claims to the state trial court and the Arizona Court of Appeals in his Rule 32 action, in which relief was denied based on Petitioner's failure to timely assert these claims and his failure to timely seek review of the trial court's dismissal of his Rule 32 action. As stated supra, Arizona's Rules of Criminal Procedure regarding waiver and the

-14-

timeliness of claims have been found to be an adequate and independent basis for affirming a petitioner's convictions and sentences and denying federal habeas relief. Accordingly, unless Petitioner can establish cause for and prejudice from his procedural default of his claims in the state courts, the Court should not consider the merits of his claims.

### C. Cause and prejudice

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself

-15-

properly exhausted.   See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations.   See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).   Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes.   See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999).   Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.   See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

In his reply to the answer to his petition, Petitioner asserts he relied on his defense counsel to file a timely action for state post-conviction relief and that she did not and, accordingly, that any procedural error was not his fault. Petitioner contends that he is entitled to a hearing on the merits of his habeas claims notwithstanding his failure to exhaust those claims because of extraordinary circumstances. Petitioner asserts that he was not given his Miranda rights

-16-

prior to being arrested.  Petitioner contends that his sentence
constitutes cruel and unusual punishment and that he has been
subjected to deliberate indifference.  Petitioner also argues
that he was "over-sentenced" in violation of Arizona's statutes
and his right to due process of law.

Respondents argue:

> Furthermore, even assuming Petitioner is
> entitled to the effective assistance of PCR
> counsel, he has not explained why it took
> more than 6.5 years to file his pro se PCR
> notice after counsel's alleged failure to
> timely commence his "of-right" PCR
> proceeding.  This gap, without further
> explanation, hardly demonstrates due
> diligence on Petitioner's part.  Petitioner
> has not suggested any additional external,
> objective factor that reasonably prevented
> him from properly raising his claims in the
> state courts nor has he shown prejudice.

Petitioner has not established cause for his failure to
fairly present his claims to the Arizona state courts
Additionally, Petitioner has not established prejudice arising
from the procedural default of his claims.  Therefore, the Court
need not consider the merits of the claims absent a showing that
a fundamental miscarriage of justice will otherwise occur.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas
claim is required if the petitioner demonstrates review of the
merits of the claim is necessary to prevent a fundamental
miscarriage of justice.  See Dretke v. Haley, 541 U.S. 386, 393,
124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316,
115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478,
485-86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage

of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner does not assert his factual innocence and Petitioner admitted to committing the conduct establishing his guilt of the crimes of conviction. Accordingly, no fundamental miscarriage of justice will occur absent a consideration of the merits of Petitioner's habeas claims.

### C. Claims not cognizable in a section 2254 action

Additionally, Petitioner's fourth claim for relief may be denied regardless of any issue regarding the petition's timeliness or Petitioner's failure to exhaust his claims in the state courts.

In Ground IV of his habeas petition, Petitioner argues that he was "over sentenced" when the state court "double count[ed]" his prior felony convictions. Doc. 1. Federal habeas relief is not available for alleged errors in the interpretation or application of state law, including a state's statutes regarding imposition of sentences. See Estelle v.

McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991);
Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). To the
extent that Petitioner asserts his sentence violated his right
to due process because it was improper pursuant to Arizona
statutory law, Petitioner has not stated a claim for federal
habeas relief.   See Souch v. Schaivo, 289 F.3d 616, 623 (9th
Cir. 2002). Although Petitioner asserts that his right to due
process was violated because the state allegedly did not follow
its sentencing statutes, the characterization of this claim in
this fashion does not render it cognizable on federal habeas
review.   See Cacoperdo v. Demonsthenes, 37 F.3d 504, 507 (9th
Cir. 1994); Dellinger v. Bowen, 301 F.3d 758, 765 (7th Cir.
2002).

**III Conclusion**

Petitioner's federal habeas action was not timely
filed. Petitioner is not entitled to statutory tolling of the
statute of limitations nor is Petitioner entitled to equitable
tolling of the statute of limitations. Petitioner has not
established that his failure to file a timely habeas action was
attributable to some outside force and Petitioner has not shown
due diligence in progressing his claims. Additionally,
Petitioner procedurally defaulted his federal habeas claims by
not properly exhausting them in the state courts. Petitioner
has not established cause for nor prejudice arising from his
procedural default of his claims. Petitioner does not allege
his actual innocence of the crimes of conviction. With regard
to Petitioner's fourth claim for relief, this assertion does not

-19-

present a claim on which habeas relief may be granted.

**IT IS THEREFORE RECOMMENDED** that Mr. Wiggins' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law

in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 13th day of August, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

-21-