**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy Wiggins | No. CV-12-00388-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al. | |
| Respondents. | |

On May 1, 2003, Petitioner pled guilty in Maricopa County Superior Court to three counts of sale or transportation of narcotic drugs, all class two felonies, and admitted two prior felony convictions in exchange for having the remaining 16 felony counts against him dismissed and a third prior felony conviction not counted towards his sentence. Doc. 16 at 1-2. On December 10, 2004, the state court sentenced Petitioner to the presumptive term of 15.75 years in prison for each of the three counts, with the first two terms to run concurrently and the third to run consecutively, for a total of 31.5 years. *Id.* at 2.

On October 25, 2011, more than six years after the deadline for filing an action for state post-conviction relief, Petitioner filed a notice of post-conviction relief under Arizona Rule of Criminal Procedure 32, asserting that (1) he was coerced into a plea agreement in violation of his Sixth, Eighth, and Fourteenth Amendment rights, (2) his counsel was ineffective because she knew he was coerced and she failed to file a timely action seeking post-conviction relief, and (3) the untimeliness of his notice should be excused because he had new information and the untimeliness was not his fault. *Id.* at 2-

3; see Doc. 14-1 at 62-64. The state court summarily dismissed Petitioner's action as untimely on November 1, 2011, finding that Petitioner had not asserted new facts or shown any diligence in filing his petition. Doc. 16 at 3.

On February 2, 2012, Petitioner filed a petition for review with the Arizona Court of Appeals that reasserted his claims and also argued that he suffered prosecutorial misconduct in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.* at 3-4. The Arizona Court of Appeals denied the petition as untimely, and Petitioner did not seek review by the Arizona Supreme Court. *Id.* at 4.

On February 23, 2012, Petitioner filed a *pro se* action seeking federal habeas relief under 28 U.S.C. § 2254. Doc. 1. Petitioner asserts that (1) the Arizona Court of Appeals erred when it dismissed his petition for review as untimely, (2) he was coerced into accepting a plea agreement, (3) he was subjected to prosecutorial misconduct in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, (4) the trial court abused its discretion when it sentenced him using "double-counting" of his prior conviction in violation of Arizona law, (5) he was subjected to ineffective assistance of counsel in violation of his Sixth Amendment rights, (6) the Arizona Court of Appeals violated his right to due process when it dismissed his petition for review as untimely, and (7) the trial court violated his due process rights when it dismissed his notice of post-conviction relief. Docs. 1 at 6-12; 1-1 at 9-15.

On August 14, 2012, United States Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R"). Doc. 16. The R&R recommends that the Court deny the petition with prejudice because it is barred by the applicable statute of limitations for federal habeas relief, Petitioner's untimely filing of the state court action for post-conviction relief did not re-start the already-expired statute of limitations, and Petitioner has not met the standard for equitable tolling because he has not shown that extraordinary circumstances prevented him from timely filing or that he was actually innocent of the crimes. Doc. 16 at 5-10. Judge Aspey also found that Petitioner's claims are procedurally defaulted because Petitioner did not first present them in a timely

manner before the state court, and that he has not shown cause or prejudice arising from his failure to present his claims or that he is factually innocent so that a fundamental miscarriage of justice would result if his claims are not heard. *Id.* at 10-18. Judge Aspey additionally found that Petitioner's fourth claim, that he was over-sentenced under state law due to "double-counting," is not a cognizable claim in any event because federal habeas relief is not available for alleged errors in the application of state law. *Id.* at 18. Petitioner filed objections to the R&R on August 27, 2012. Doc. 17. For the reasons that follow, the Court will accept the R&R and deny Petitioner's petition.

**II.   Standard of Review.**

A party may file specific written objections to an R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify the findings or recommendations in the R&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**III.  Analysis.**

Petitioner objects to Judge Aspey's findings "for the reasons already stated in the Habeas Petition as well as in the Reply to Respondent's Limited Answer." Doc. 17 at 2-4. He makes no specific objections. In effect, Petitioner asks the Court to conduct a *de novo* review of his claims, thereby duplicating the work of the magistrate judge. This defeats Congress' purpose in providing for magistrate judges to assist the district courts in discharging the heavy workload of the federal judiciary. *Thomas v. Arn*, 474 U.S. 140, 147-152 (1985); *see Sullivan v. Schriro*, No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). Judge Aspey has addressed each of Petitioner's claims and thoroughly discussed the reasons they are untimely and procedurally defaulted and why claim four presents an invalid ground for federal habeas relief. Judge Aspey addressed Petitioner's failure to show that he is entitled to equitable tolling or that he meets the requirements for having his claims heard on the merits despite his procedural default.

Because Petitioner does not make specific objections to Judge Aspey's findings and recommendations as required by 28 U.S.C. § 636(b)(1), the Court will deem his

objection ineffective and will accept the R&R. This ruling comports with the clear language of Rule 72(b) that a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific written objection* has been made[.]"  Fed. R. Civ. P. 72(b)(2) (emphasis added); *see Sullivan*, 2006 WL 1516005 at *1.  The Court is relieved of any obligation to review a general objection to the R&R.  *See Thomas*, 474 U.S. 140, 149 (no review at all is required for "any issue that is not the subject of an objection."); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

**IT IS ORDERED:**

1. Magistrate Judge Mark E. Aspey's R&R (Doc. 16) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3. The Clerk of Court is directed to **terminate** this action.

Dated this 24th day of October, 2012.

_____
David G. Campbell
United States District Judge